**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Apr 29, 2026

IN RE:

**DEBORAH JEAN DEIBERT,**

      Debtor.

**Case No. 24-10239-T
Chapter 7**

---

**CLINTON VEIT AND BARBETTE VEIT,**

      **Plaintiffs,**

v.

**DEBORAH JEAN DEIBERT,**

      **Defendant.**

**Adversary No. 24-01012-T**

**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION
TO REOPEN DISCOVERY**

THIS MATTER comes before the Court pursuant to Plaintiffs' Emergency Motion to Reopen Discovery (the "Emergency Motion"),[1] filed by Blair S. Hollaway ("Mr. Hollaway"), as counsel on behalf of Clinton and Barbette Veit, Plaintiffs herein; the Objection,[2] filed by Deborah Jean Deibert, Defendant; the Plaintiffs' Reply in Support of the Emergency Motion,[3] filed by Mr. Hollaway on behalf of Plaintiffs; and the Statement Regarding Motion To Reopen Discovery,[4] filed by Mark B. Houts ("Mr. Houts"), as counsel on behalf of Plaintiffs.

---

[1] ECF No. 107.
[2] ECF No. 113.
[3] ECF No. 118.
[4] ECF No. 119.

## Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[5] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A & J).

## Background

On August 29, 2025, after this adversary proceeding had been pending for more than one year, the Court entered an Amended Joint Pre-Trial Order,[6] and set a trial date for September 30, 2025.[7]  On September 29, 2025, the day before the trial was scheduled to commence, the Court was contacted and informed that Mr. Hollaway would be unavailable to attend the trial, and requesting that it be continued to a future date. The Court accommodated the request by striking the September 30, 2025, trial, subject to being reset upon application.[8] Upon application of Defendant,[9] the trial was reset for November 17, 2025.[10]  On the morning of November 17, 2025, the Court was once again contacted and informed that Mr. Hollaway would be unavailable to attend the trial, and requesting a further continuance. Once again, the Court struck the hearing, to be reset upon application.[11]

Having twice prepared for trial, only to be stricken on the eve or morning of the scheduled trial date, Defendant responded by filing Defendant's Motion to Dismiss for Failure to Prosecute, or in the Alternative, Require Association of Co-Counsel, and Award of Attorney's Fees (the

---

[5] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.
[6] ECF No. 74.
[7] ECF No. 76.
[8] ECF No. 80.
[9] ECF No. 83.
[10] ECF No. 85.
[11] ECF No. 88.

"Motion to Dismiss").[12]  The Motion to Dismiss was brought pursuant to Federal Rule of Civil Procedure 41(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7041, and argued that the failure of Plaintiffs to appear at trial and prosecute their case was grounds to dismiss this adversary proceeding. Plaintiffs objected to the Motion to Dismiss, arguing that dismissal was an extraordinary remedy where the prior continuances were the result of "unforeseen medical emergencies affecting their counsel."[13] Asking whether a lesser "sanction" would adequately address the alleged delay, Plaintiffs themselves suggested "requiring formal association of co-counsel solely to ensure trial coverage," as an alternative to dismissal of this proceeding.[14]

On February 10, 2026, the Court held a hearing on the Motion to Dismiss and Plaintiffs' Response (the "February 10 Hearing"). After hearing argument and receiving evidence from the parties, the Court made the following ruling from the bench:

> The order of the Court today is going to be for you, Mr. Holl[a]way, to find substitute counsel within 30 days.  As soon as counsel enters an appearance in this matter, the Court is going to set this matter for scheduling conference so we can set it for trial. Now, I am going to deny the motion to dismiss without prejudice and would allow the Defendant to re urge the motion to dismiss if needed and also deny without prejudice the request for attorney fees.[15]

When asked to clarify its order, the Court stated that it would not require Mr. Hollaway to withdraw as counsel from the case, but emphasized that the matter would not be delayed because of Mr. Hollaway's availability or unavailability.[16] At the conclusion of the February 10 Hearing, the Court entered the following minute order on the docket:

---

[12] ECF No. 89.

[13] ECF No. 91 at 1.

[14] *Id*. at 5.

[15] Transcript of February 10, 2026, Hearing, ECF No. 123 at 33: 10-17.

[16] *Id*. at 35: 11-17.

> Minute Order: Hearing held. Defendant's Motion to Dismiss for Failure to Prosecute, or in the Alternative, Require Association of Co-Counsel, and Award of Attorney's Fees, at ECF No. 89, is denied without prejudice. **Plaintiff to secure substitute counsel on or before March 12, 2026. No further extensions or continuances in this proceeding shall be granted based on the unavailability of Mr. Hollaway.** BY THE COURT: Chief Judge Paul R. Thomas. This entry is the Official Order of the Court. No document is attached. (text-only order).[17]

That same day, Mr. Houts, entered an appearance as counsel of record on behalf of Plaintiffs.[18]  In order to get this proceeding back on track, the Court set a telephonic scheduling conference for March 24, 2026.  Despite the Court's order that Plaintiffs obtain substitute counsel, Mr. Houts did not appear at the scheduling conference.  Instead, Mr. Hollaway appeared on behalf of Plaintiffs. Finding Mr. Hollaway was not prepared to speak for Mr. Houts regarding the scheduling of a trial date, the Court continued the scheduling conference to April 6, 2026, and ordered Mr. Houts to attend.[19]

## Discussion

Before the continued scheduling conference could be held, Mr. Hollaway filed the Emergency Motion.[20] The Emergency Motion makes various allegations, many of which are convoluted and hard to follow. Despite the imminence of trial, the Emergency Motion seeks additional discovery for matters that have no apparent connection to the merits of the matters pending before this Court. At the April 6, 2026, scheduling conference, the Court asked Mr. Houts whether he was able to adopt the statements made in the Emergency Motion as his own under the standards of Federal Rule of Bankruptcy Procedure 9011(b), and gave him additional time to file a response.[21]

---

[17] ECF No. 95 (emphasis added).
[18] ECF No. 97.
[19] ECF No. 111.
[20] ECF No. 107.
[21] ECF No. 115.

In his response to the Court's query, Mr. Houts joined the Emergency Motion on a limited basis.[22] Mr. Houts appears to make two substantive arguments why Plaintiffs should be granted additional time to conduct discovery in this matter.  First, he suggests that "certain evidence, previously undisclosed, warrants additional discovery."[23] The type or nature of the concerning evidence is not revealed. Mr. Houts is concerned Defendant may seek to introduce evidence at the impending trial that has not been previously produced or provided to Plaintiffs as required by the Federal Rules of Bankruptcy Procedure. The Amended Joint Pre-Trial Order, entered with the consent of the parties, will govern the presentation of evidence and witnesses during the upcoming trial.[24] If Defendant attempts to introduce previously undisclosed evidence at the trial, Mr. Houts may lodge an objection at that time. Although the Court will not prejudge the admission of any evidence, the failure of a party to comply with the discovery rules found in the Federal Rules of Bankruptcy Procedure is generally grounds to deny its admission.[25]

Second, due to his recent appearance in this case, Mr. Houts requests the Court allow him "additional time to conduct discovery and otherwise become more familiar with the facts and procedural history of the case."[26] This request ignores that discovery in this case has long been closed, and trial of the matter has twice been delayed to accommodate Plaintiffs' counsel's health issues. Mr. Houts makes no argument that Mr. Hollaway was deleterious in his conduct of discovery matters. While the Court appreciates that Mr. Houts may have a heavy lift to become

---

[22] ECF No. 119.

[23] ECF No. 119 at 1.

[24] ECF No. 74.

[25] Fed. R. Civ. P. 37(c)(1) ("Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."), made applicable to this proceeding by Fed. R. Bankr. P. 7037.

[26] ECF No. 119 at 2.

familiar with the facts and history of this case to prepare for trial, it is unclear how additional discovery will contribute to that effort.

The Court is aware that the acrimony between the parties started long before these legal proceedings began and will likely extend long after their conclusion. But the issues of Defendant's discharge and the dischargeability of Plaintiffs' debt have been stuck in limbo for almost two years. Neither the Emergency Motion, nor Mr. Houts, makes any credible argument why these matters should not proceed to trial as expeditiously as possible.  For the reasons stated above, the Court will deny the Emergency Motion and proceed to set the matter for trial at a date and time compatible with the Court's docket.

IT IS THEREFORE ORDERED that the Plaintiffs' Emergency Motion to Reopen Discovery, filed by Clinton and Barbette Veit, Plaintiffs herein, at ECF No. 107, is DENIED.

IT IS FURTHER ORDERED that a trial in this adversary proceeding will be set by separate order.

Dated this 29th day of April, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY